UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JASON MICHAEL HICKS,

    Plaintiff,

v.                                               Case No. 1:23cv100-AW-HTC

STATE OF FLORIDA, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff Jason Michael Hicks, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983 relating to the voluntariness of his guilty plea. ECF Doc. 1. After reviewing the complaint, the undersigned concludes this case should be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff's claim is *Heck*-barred.

**I.     Background**

Plaintiff's complaint names the State of Florida and Assistant State Attorney Brian Rodgers as Defendants. On April 5, 2023, Plaintiff pleaded guilty to criminal charges in state court. *See Florida v. Hicks*, Alachua Cty. Circuit Case No. 2022 CF 003261. In his complaint, Plaintiff alleges the State "blackmailed" him into taking the plea by threatening to put his wife in jail. If his wife went to jail, Plaintiff "would have lost [his] kids to the system."

Based on the foregoing, Plaintiff alleges Defendants are liable for malicious prosecution and blackmail. As relief, he wants: (1) "everything the [Alachua County Sheriff's Office] and State has on [him] and [his] wife dropped and expunged"; (2) an immediate release from prison; (3) his marriage reinstated "from where the State made [his wife] divorce [him]"; and (4) $30 million in punitive damages.

## II.     Legal Standard

Because Plaintiff is a prisoner proceeding *in forma pauperis* and seeking relief from a government employee and entity, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). To state a claim, Plaintiff must plead factual content which allows the Court to draw the reasonable inference Defendants are liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must liberally construe Plaintiff's *pro se* allegations, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 681; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III.   Discussion

####    A.   *Heck v. Humphrey*

"The Supreme Court in *Heck v. Humphrey* held that a state prisoner could not bring a claim for damages under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.'" *Salas v. Pierce*, 297 F. App'x 874, 876 (11th Cir. 2008) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Here, Plaintiff alleges he was "blackmailed" into pleading guilty to criminal charges. If his allegations were proven, it would necessarily imply the invalidity of his guilty plea and conviction. *See Salas*, 297 F. App'x at 876 (finding *Heck* barred prisoner's claim against Assistant District Attorney for conspiring with prisoner's counsel to coerce him into pleading guilty because judgment in prisoner's favor would necessarily call into question the validity of his guilty plea and conviction); *Lockett v. Wright*, 2013 WL 497592, at *2 (S.D. Ga. Jan. 15, 2013) *report and recommendation adopted by* 2013 WL 474800 (Feb. 7, 2013) ("[A] plaintiff's claim

that his guilty plea was not entered into knowingly or voluntarily also goes 'to the fundamental legality' of his conviction and is barred by *Heck* until Plaintiff shows his conviction has been invalidated.") (citations omitted); *Tili v. Pierce Cty. Jail*, 2018 WL 6682839, at *2 (W.D. Wa. Nov. 20, 2018) *report and recommendation adopted by* 2018 WL 6650946 (Dec. 18, 2018) ("To the extent plaintiff can prove she was blackmailed into taking a plea or was otherwise coerced into doing so, those claims are barred under *Heck* as success on those claims necessarily would invalidate her conviction."). Thus, Plaintiff's claims are *Heck*-barred.

Furthermore, Plaintiff specifically requests that he be released from prison and that his criminal record be expunged. The sole federal remedy for Plaintiff to seek such relief is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, with its attendant procedural and exhaustion requirements. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("[I]f the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a § 2254 habeas petition, not a § 1983

civil rights action."). Because Plaintiff's allegations do not support a viable claim under § 1983, this case should be dismissed.

### B. Immunity

In addition, both named Defendants are immune from suits for damages. Defendant Brian Rodgers, an Assistant State Attorney, enjoys absolute immunity for actions taken in pursuit of a criminal prosecution. *See Hoffman v. Office of State Attorney, Fourth Judicial Circuit*, 793 F. App'x 945, 950 (11th Cir. 2019) ("'A prosecutor is entitled to absolute immunity for all actions he takes while performing his functions as an advocate for the government' in the judicial phase of the criminal process.") (quoting *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004)). This immunity extends to plea negotiations. *See Vila v. Wadlington*, 2018 WL 2075330, at *5 (S.D. Ala. Apr. 13, 2018), *report and recommendation adopted by* 2018 WL 2074195 (May 3, 2018) ("Because plea negotiations are an essential element of the criminal justice system, a prosecutor's actions in the plea-bargaining process are protected by absolute prosecutorial immunity."). Likewise, Defendant State of Florida has immunity from being sued in § 1983 actions under the Eleventh Amendment. *See Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1502 (11th Cir. 1995) (Eleventh Amendment bars § 1983 suit against state).

## IV. Conclusion

Plaintiff's complaint fails to state a viable claim under § 1983. In addition, because Plaintiff sues Defendants who are immune and is still serving the sentence stemming from the guilty plea which his complaint challenges, he could not amend the complaint to overcome *Heck* or state a claim for relief. Thus, giving Plaintiff an opportunity to amend the complaint would be futile, and this case should be dismissed without prejudice. *See Cornelius v. Bank of America, NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile.") (citation omitted).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) due to Plaintiff's failure to state a claim on which relief may be granted.

2. That the clerk close the file.

At Pensacola, Florida, this 5th day of May, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 1:23cv100-AW-HTC